RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Saldano, | No. CV 09-539-PHX-PGR (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. #9). The Court will order Defendant to answer the First Amended Complaint.

**I.     Procedural Background**

On March 16, 2009, Plaintiff Robert Saldano, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not immediately pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3).

By Order filed April 20, 2009 (Doc. #4), the Court denied the Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis*. On May 5, 2009, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #5).

By Order filed September 18, 2009 (Doc. #7), the Court granted Plaintiff's new

**TERMPSREF**

Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee of $55.59, and dismissed the Complaint with leave to amend.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III.    First Amended Complaint

On October 20, 2009, Plaintiff filed his First Amended Complaint (Doc. #9). Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co.,

1   896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King
2   v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Accordingly, the Court will consider only those
3   claims specifically asserted in Plaintiff's First Amended Complaint with respect to only the
4   Defendant specifically named in the First Amended Complaint.

5   Named as Defendant in the First Amended Complaint is William Hogan, Detention
6   Officer, Maricopa Count Sheriff's Office.

7   Plaintiff's sole count in the First Amended Complaint is that his rights under the Due
8   Process Clause of the Fourteenth Amendment were violated by Defendant William Hogan
9   when he used excessive force.  Plaintiff alleges that on September 11, 2008, while he was
10  in his cell "dressing for jury trial," Defendant Hogan entered his cell and "punched" him "in
11  the face using a pair of handcuffs, 'brass knuckle style.'"  Although Plaintiff "tried covering
12  up [his] face," Defendant Hogan "kept punching [his] head and faced" and then stepped back
13  and kicked Plaintiff "in the ribs and stomach."  Plaintiff also alleges that, as a result of this
14  beating, his "jury trial had to be vacated for the day" and he had "to be taken to the County
15  Emergency Room in Phoenix."  Plaintiff further alleges that Defendant Hogan's beating
16  caused Plaintiff "cuts and contusions to [his] face and head, busted blood vessels in [his] left
17  eye, temporary los[s] of vision in [his] left eye, a broken nose, two broken ribs, a concussion,
18  double vision, [two] loosened [] front teeth, neck and back pain," and various other injuries.

19  Plaintiff seeks a jury trial, monetary damages, and "disciplinary action" against
20  Defendant Hogan.

21  Liberally construed, Plaintiff states an excessive force claim under the Fourteenth
22  Amendment against Defendant William Hogan.  Accordingly, the Court will call for an
23  answer to the First Amended Complaint from Defendant Hogan.

24  **IV.   Warnings**

25  **A.   Release**

26  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
27  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
28  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant William Hogan **must answer** the First Amended Complaint (Doc. #9).

(2)     The Clerk of Court **must send** to Plaintiff a service packet including the First Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendant William Hogan.

(3)     Plaintiff **must complete and return** the service packet to the Clerk of Court within **20 days** of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Hogan within

1 120 days of the filing of the Complaint or within 60 days of the filing of this Order,
2 whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv
3 16.2(b)(2)(B)(I).

4     (5) The United States Marshal **must retain** the Summons, a copy of the First
5 Amended Complaint, and a copy of this Order for future use.

6     (6) The United States Marshal **must notify** Defendant William Hogan of the
7 commencement of this action and request waiver of service of the summons pursuant to Rule
8 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Hogan must include
9 a copy of this Order. The Marshal must immediately file requests for waivers that were
10 returned as undeliverable and waivers of service of the summons. If a waiver of service of
11 summons is not returned by Defendant Hogan within 30 days from the date the request for
12 waiver was sent by the Marshal, the Marshal must:

13     (a) personally serve copies of the Summons, First Amended Complaint, and
14     this Order upon Defendant Hogan pursuant to Rule 4(e)(2) of the Federal Rules of
15     Civil Procedure; and

16     (b) within 10 days after personal service is effected, file the return of service
17     for the Defendant, along with evidence of the attempt to secure a waiver of service of
18     the summons and of the costs subsequently incurred in effecting service upon
19     Defendant. The costs of service must be enumerated on the return of service form
20     (USM-285) and must include the costs incurred by the Marshal for photocopying
21     additional copies of the Summons, First Amended Complaint, or this Order and for
22     preparing new process receipt and return forms (USM-285), if required. Costs of
23     service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2)
24     of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

25     (7) **If Defendant agrees to waive service of the Summons and First Amended**
26 **Complaint, he must return the signed waiver forms to the United States Marshal, not**
27 **the Plaintiff.**

28     (8) Defendant William Hogan **must answer** the First Amended Complaint

1  (Doc. #9) or otherwise respond by appropriate motion within the time provided by the
2  applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.
3      (9) This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant
4  to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
5  authorized under 28 U.S.C. § 636(b)(1).
6      DATED this 10th day of February, 2010.

                          Paul G. Rosenblatt
                          United States District Judge